UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HOWARD O. KIEFFER, | Case No. 19-CV-0899 (PJS/SER) |
| Petitioner, | |
| v. | ORDER |
| WARDEN M. RIOS, | |
| Respondent. | |

Howard O. Kieffer, pro se.

Andrew Tweeten, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Howard O. Kieffer's objection to Magistrate Judge Steven E. Rau's Report and Recommendation ("R&R") filed on June 25, 2019. Judge Rau recommends dismissal of Kieffer's petition under 28 U.S.C. § 2241. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Kieffer's objection and adopts the R&R. Only one issue merits comment:

On May 9, 2018, Kieffer was sentenced to a 24-month term of imprisonment for violating the terms of his supervised release. ECF No. 8 at 9. Prior to the revocation of his supervised release, Kieffer was sentenced to a 99-month term of imprisonment,

which he completed on December 30, 2016. ECF No. 2 at 1-2. Kieffer claims that the Bureau of Prisons ("Bureau") miscalculated his good-conduct time under 18 U.S.C. § 3624(b), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5210 (2018).

The First Step Act alters the method of calculating good-conduct time under 18 U.S.C. § 3624(b). Under the previous method, a prisoner could earn up to 47 days of good-conduct time for each year of imprisonment. *See Barber v. Thomas*, 560 U.S. 474, 479 (2010). Under the 2018 amendment, a prisoner may now earn up to 54 days of good-conduct time for each year of imprisonment. 132 Stat. at 5210. Pursuant to the First Step Act, the Bureau notified Kieffer on June 24, 2019 that his projected release date had been moved from December 15, 2019 to December 1, 2019. ECF No. 14 at 2. Kieffer maintains, however, that he should also be credited with the good-conduct time he would have received on his original 99-month sentence if the First Step Act had been enacted at the time he was serving that sentence.

Kieffer's assertion that the Bureau should have recalculated his good-conduct time by aggregating his original 99-month sentence and his present 24-month sentence fails as a matter of law.[1] As the District of New Jersey, the Northern District of West

---

[1]As Judge Rau noted, Kieffer's argument was premature at the time the R&R was issued on June 25, as the relevant provision of the First Step Act was not effective until July 19, 2019. *See* 132 Stat. at 5196, 5213. As the July 19 deadline has since passed,
(continued...)

Virginia, and the Western District of Wisconsin have all squarely held in considering precisely this question, a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time. *See Racine v. Fed. Bureau of Prisons*, Civ. A. No. 07-1834 (JBS), 2007 WL 1585154, at *5 (D.N.J. May 31, 2007) ("[T]his Court finds no merit to Racine's contention that his sentence on violating supervised release is a continuation of and part of his original custodial term on his underlying drug conviction. While supervised release is imposed as part of the original sentence, any incarceration ensuing from the revocation of supervised release is generally based on new conduct, and 'is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast.'" (quoting *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005))); *Stelluto v. Wendt*, No. Civ. A. 105CV31, 2005 WL 3277661, at *3 (N.D. W. Va. Nov. 30, 2005) (declining to aggregate petitioner's initial sentence and revocation sentence for purposes of calculating good-conduct time); *Schmitz v. Scibana*, No. 04-C-414-C, 2004 WL 1563302, at *1 (W.D. Wis. July 9, 2004) ("[P]etitioner has already completed the 60-month sentence and is now serving a new one. He points to no authority that would allow this court to either treat the two sentences as one or order the bureau to remedy a past erroneous calculation by making up the difference on a new sentence."). Accordingly, Kieffer is eligible to earn

---

[1](...continued)
Kieffer's argument is now timely.

additional good-conduct time under the First Step Act *only* for the 24-month sentence he is currently serving.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 13]. Accordingly, IT IS HEREBY ORDERED THAT petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 23, 2019           s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge